UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DONALD R. BREWER | ) |
| | ) |
| v. | ) NO. 2:06-CV-183 |
| | ) |
| MARGIE GUINN, Head Nurse; WILLIE | ) |
| JO BERRY, Ass't Nurse; and CARTER | ) |
| COUNTY, TENNESSEE | ) |

## **MEMORANDUM and ORDER**

This *pro se* civil rights action, 42 U.S.C. § 1983, was filed by Donald R. Brewer, who was in the Carter County Detention Center [CCDC] at the time of filing, though later he was released from confinement. He now has been re-incarcerated in that facility. Plaintiff Brewer has also submitted an application to proceed *in forma pauperis* and an affidavit, which reflects that he lacks sufficient financial resources to pay the required filing fee of $350.00. *See* 28 U.S.C. § 1914(a). Nevertheless, plaintiff is not relieved of the ultimate responsibility of paying the filing fee, and he, therefore, is **ASSESSED** the civil filing fee under 28 U.S.C. § 1915. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of plaintiff's inmate trust account at the institution where he now resides shall submit,

as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to plaintiff's' inmate trust account;

or

    (b)    twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk of Court.[1] 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at CCDC, to ensure compliance with the above fee-collection procedures.

1. Plaintiff's Allegations

The gist of plaintiff's complaint is that the medical care he has received in the CCDC infringes upon his constitutional rights. More specifically, plaintiff claims that defendant Margie Guinn, Head Nurse at CCDC, frequently slides his medications under the cell door in incorrect, and possibly lethal, dosages; that she then

---

[1] Payments should be mailed to:    Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

2

forged his name to log books used to confirm that he, personally, received the medications; and that, on many occasions, his medications—often a one-week supply—disappeared because she delivered them while he was asleep. Plaintiff's allegations against Assistant Nurse Willie Jo Berry are that she too forged his name to the log, though unlike the Head Nurse, she dispensed his medications to him personally. At the same time, however, he maintains that, occasionally, she did not bring his medications. Plaintiff asks the Court to remedy those claimed constitutional violations by discharging the nurse defendants from their positions; possibly revoking their "medical licenses;" possibly filing suit against Carter County, and possibly "remov[ing]" him from the facility. (Doc. 3, ¶ V).

2. Screening the Complaint

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit (or individual defendants or claims against them) must be dismissed.

At the outset, a municipal defendant, like Carter County, Tennessee, cannot be held liable for the acts of its employees under the theory of respondeat superior. *Monell*, 426 U.S. at 691. To prevail against this defendant, plaintiff must

establish that a policy, custom, or practice of Carter County has resulted in the deprivation of his constitutionally-protected rights. *Id.* at 690-91. Because the plaintiff has not alleged that the problems associated with his medication resulted from defendant's policy, custom, or practice, he has failed to state a claim against Carter County.

It also appears that certain of plaintiff's claims for relief are now moot, at least insofar as he asks for relief with respect to Nurse Berry. This is so because plaintiff, in one of a series of letters to the Court, indicates that Nurse Berry has been fired, rendering moot his claims for injunctive relief as to her. The same holds true with respect to plaintiff's request to be removed from CCDC since plaintiff, after filing this case, obtained the relief he sought in his suit—release from the CCDC, though, apparently, his release was brief. Since plaintiff's claims against Nurse Berry are moot, he fails to state an actionable claim against her too.

Plaintiff's remaining claims in the complaint are to be evaluated under the well-settled law that prison authorities who are deliberately indifferent to the serious medical needs of prisoners violate the Eighth Amendment rights of those prisoners. *Estelle v. Gamble*, 429 U.S. 97 (1976). An Eighth Amendment claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the plaintiff to show a "sufficiently

serious" deprivation. *Id.* Deliberate indifference requires a showing that a prison official acted or failed to act despite knowledge of a substantial risk of serious harm. *Id.* at 842. However, no viable Eighth Amendment claim is stated by allegations that a medical condition has been negligently diagnosed or treated, and the mere fact that the victim happens to be a prisoner does not convert it into a constitutional violation. *Estelle*, 429 U.S. at 106.

In the complaint, plaintiff has not described or identified the medical condition or illness which the missing medication was intended to treat. However, in one of his letters, he asserts that he has a "bad heart condition," but, even then, he supplies no specifics as to the nature of his heart condition. Nor does he indicate that the medications are used to treat the heart condition or allege the dates the defendant Head Nurse engaged in the claimed wrongdoing. Thus, in one sense, his claims are conclusory and conclusory claims such as these fail to state a claim entitling the plaintiff to § 1983 relief. *See Morgan v. Church's Fried Chicken*, 829 F.2d. 10, 12 (6th Cir. 1987).

Even if the Court accepts plaintiff's conclusory contentions as establishing that he had a "serious medical need," plaintiff offers no allegations of fact from which to infer that defendant Head Nurse possessed the requisite state of mind of deliberate indifference. Nothing factual has been alleged to show that sliding plaintiff's medication underneath the door was sufficiently dangerous; to demonstrate

that defendant Head Nurse knew that sliding the tablets under the door while plaintiff slept in his cell would result in the disappearance of the medication, thereby presumably exposing him to an excessive risk of harm; or to prove that this defendant even knew that plaintiff was asleep. *See Farmer*, 511 U.S. at 837 [finding deliberate indifference where prison official knows facts from which he could draw an inference of the existence of a substantial risk of harm and he actually draws the inference]. The allegations involving the sliding of plaintiff's tablets under the door or giving incorrect dosages of medications amount, at most, to negligence, not to an Eighth Amendment impingement.

Finally, plaintiff indicates, in another letter, that a jailer threatened to "whoop [his] ass" if he subpoenaed the jailer to testify. This assertion is not actionable under § 1983. To state a colorable constitutional claim, plaintiff must show that a federal right was actually denied and not merely threatened to be denied. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989). No such a showing has been made. In the same letter, plaintiff also claims that other jailers mention this lawsuit every time they see him, which causes him to suspect that they are tampering with his mail as a reprisal for filing this action.

This claim of supposed retaliation involves a standing issue. Article III of the United States Constitution restricts the jurisdiction of a federal court to "cases"

6

and "controversies," and "requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and 'is likely to be redressed by a favorable decision." *Cleveland Surgi-Center, Inc. V. Jones*, 2 F.3d 686, 688, (6th Cir. 1995) (citation and internal quotation marks omitted).

Here, plaintiff's mere speculation that retaliation might occur as a consequence of his filing this action and that it might take the form of interference with his mail does not demonstrate that he has an injury in fact, concrete and particularized, actual or imminent, so as to give him standing to raise the claim. *Ely v. Campbell*, 8 Fed. Appx. 472, *473, 2001 WL 493382, *1 (6th Cir. May 1, 2001) (prisoner's supposition that he might be subject to retaliation by unidentified persons does not establish standing and is frivolous). Nor has he made any logical, fact-based connection between the jailers' remarks about the lawsuit and the imagined retaliatory action. And, moreover, no redress can be given for an injury that is only suspected.

3. Conclusion

Based on the above discussion, the Court finds that plaintiff has failed to state a claim; that he lacks standing to raise the retaliation claim; that he has presented claims which have become moot; and that, for these reasons, his case should

be and will be dismissed.

A separate order will enter.


**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE